ORTION v. AUSTRIAN et al.

MALEVANCHIK v. SAME.

Nos. 5729, 5730.

Circuit Court of Appeals, Fourth Circuit.

March 15, 1948.

Carl J. Austrian, of New York City, and Roger S. Foster, of Philadelphia, Pa. (Robert G. Butcher, of Richmond, Va., Thornton C. Land, Saul J. Lance, George Rosier, George H. Schwartz and Isadore H. Cohen, all of New York City, and Lawrence M. Greene and Aaron Levy, both of Philadelphia, Pa., on the brief), in support of motions.

Aaron Lewittes, of New York City (W. Gibson Harris, of Charlottesville, Va., on the brief), in opposition to motions.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PER CURIAM.

This is a motion to dismiss as frivolous two appeals taken in the bankruptcy reorganization proceedings of the Central States Electric Corporation. On January 15, 1948 an order was entered by the District Judge approving the settlement for $500,000 of suits for approximately $25,-000,000 by two of the subsidiaries of Central States. The order was entered after notice to all creditors and stockholders of the corporation whose names appear of record on its books, the notice having been mailed to a total of approximately 35,000 persons. At the hearing no one objected to the proposed settlement and it was approved by counsel representing every class of creditors and stockholders. It was approved also by counsel representing the Securities and Exchange Commission. After the order had been entered counsel representing appellants here, whose stock had not been registered upon the books of the corporation and who consequently had not been mailed notice of the hearing, asked that a rehearing be granted by the court but did not ask that the court consider any matters not before it at the time the order was entered. Rehearing was denied and these appeals were taken. At the argument at the bar of this court, counsel for appellants advanced no reason which would justify this court in holding that the District Judge had abused his discretion in approving the proposed settlement or that the order entered was invalid for any other reason.

It appears that the appellants are the holders of a total of 740 shares of 6% preferred stock of the corporation out of a total of 141,814 shares outstanding, or less than ½ of 1% of this stock; that counsel representing the committee of the 6% preferred stockholders consented to the settlement; and that, since the assets of the corporation amount to only $26,800,000 and the claims, which have priority over the 6% preferred stock amount to approximately $35,000,000, the holders of 6% preferred stock have no real interest in whether the settlement is approved or not.

Assuming without deciding that the appellants have a technical right to appeal in the case, it is perfectly clear that they have no real interest in the settlement approved by the order of the District Judge, that their appeals are frivolous, and that the reorganization of this important property ought not be held up and delayed by appeals so utterly lacking in merit. Both appeals will accordingly be dismissed.

Appeals dismissed.